Vanessa R. Waldref
United States Attorney
Eastern District of Washington
Brian M. Donovan
Assistant United States Attorney
Post Office Box 1494
Spokane, WA 99210-1494
Telephone: (509) 353-2767

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>        vs.<br><br>$7,200.00 U.S. CURRENCY,<br><br>                    Defendant. | VERIFIED COMPLAINT FOR FORFEITURE *IN REM* |

Plaintiff, United States of America, by its attorneys, Vanessa R. Waldref, United States Attorney for the Eastern District of Washington, and Brian M. Donovan, Assistant United States Attorney, brings this complaint and alleges as follows in accordance with Supplemental Rule G(2) of the Federal Rules of Civil Procedure:

**I.   NATURE OF THE ACTION**

1.   This is an action to forfeit and condemn to the use and benefit of the United States of America the following listed property for violations of Title II of the Controlled Substances Act, 21 U.S.C. § 801 *et seq.*

VERIFIED COMPLAINT FOR FORFEITURE *IN REM*  1

## II. THE DEFENDANT(S) *IN REM*

2. The Defendant Property consists of the following property:

$7,200.00 U.S. currency, seized by the United States Postal Inspection Service, on or about August 10, 2022, pursuant to the execution of a federal search warrant.

## III. JURISDICTION AND VENUE

3. Plaintiff brings this action *in rem* in its own right to forfeit and condemn the Defendant Property. This Court has jurisdiction over an action commenced by the United States under 28 U.S.C. § 1345, and over an action for forfeiture under 28 U.S.C. § 1355(a).

4. This Court has *in rem* jurisdiction over the Defendant Property under 28 U.S.C. § 1355(b).

5. Venue is proper in this district pursuant to 28 U.S.C. §1355(b)(1), because the acts or omissions giving rise to the forfeiture occurred in this district.

## IV. BASIS FOR FORFEITURE

6. Plaintiff repeats and realleges each and every allegation set forth in Paragraphs 1 through 5 above.

7. The United States alleges that the Defendant Property is liable to condemnation and forfeiture to the United States for its use, in accordance with the provisions of 21 U.S.C. § 881(a)(6), because it constitutes: 1) money, negotiable instruments, securities and other things of value furnished and intended to be furnished in exchange for a controlled substance in violation of the Controlled

VERIFIED COMPLAINT FOR FORFEITURE *IN REM*  2

Substances Act; 2) proceeds traceable to such an exchange; and/or 3) money, negotiable instruments, and securities used and intended to be used to facilitate a violation of the Controlled Substances Act, which is used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, violations of the Controlled Substances Act; and/or in accordance with the provisions of 21 U.S.C. § 881(a)(4), because it constitutes property used or intended for use to transport, or in any manner to facilitate the transportation, sale, receipt, possession, or concealment of controlled substances.

## V. **FACTS**

8. On or about August 10, 2022, United States Postal Inspection Service ("USPIS") Postal Inspectors conducted an Express Mail interdiction. This USPIS interdiction took place at the Spokane Processing and Distribution Center, located at 2928 South Spotted Road, Spokane, Washington. The interdiction targeted Express Mail parcels possibly containing narcotics or monetary proceeds derived from illegal drug trafficking activity.

9. On or about August 10, 2022, United States Postal Inspectors flagged a parcel ("Subject Parcel") they wanted to investigate further due to multiple suspicious characteristics, including that the parcel was addressed with a handwritten label, paid for with cash, and was excessively taped for its weight. Based on the training and experience of USPIS inspectors, these characteristics were suspicious because legitimate businesses using the Express Mail service typically use pre-printed labels,

VERIFIED COMPLAINT FOR FORFEITURE *IN REM*  3

whereas narcotics traffickers will often hand-write the labels. Additionally, payment with cash is suspicious because the use of a credit card would more likely enable law enforcement officers to connect the package to identifiable individuals.

10. The Subject Parcel was intended for delivery to Max Hess" at "8504 N Summerhill Ln Spokane, WA 99208". The return address listed on the Subject Parcel was "Xerius Jackson 701 E. Peyton 912402, Sherman, TX 75091." Using United States Postal Service and law enforcement databases, Inspection Service personnel researched the return address listed on the Subject Parcel. Inspection Service personnel discovered that the address "701 E. Peyton 912402, Sherman, TX 75091" is a true and deliverable address. They also found that "Xerius Jackson" is associated with the address.

11. Inspection Service personnel also searched the recipient address, "8504 N Summerhill Ln Spokane, WA 99208," and learned it is a valid address, but that "Max Hess" was not associated with the address.

12. To further the investigation, the assistance of U.S. Customs & Border Patrol Agent Jeremy C. Mobley ("Agent Mobley") and his certified controlled substance detection K-9 partner, "Jago," was requested by a Postal Inspector. Due to the suspicious characteristics of the Subject Parcel and those characteristics being associated with narcotics trafficking, Agent Mobley and K-9 Jago tested whether the Subject Parcel had an odor of narcotics associated with it. In order to test this, on or about August 10, 2022, a Postal Inspector placed the Subject Parcel and five other

VERIFIED COMPLAINT FOR FORFEITURE IN REM  4

control parcels in an unoccupied hallway at the Spokane USPS Processing and Distribution Center located at 2928 S. Spotted Rd. Spokane, WA 99224 for the purpose of exposing the parcels to K-9 Jago. Agent Mobley and K-9 Jago were not present when the parcels were placed and therefore did not know where the Subject Parcel was located.  Agent Mobley exposed K-9 Jago to the Subject Parcel along with five other parcels in the unoccupied hallway.  Agent Jago reported that K-9 Jago alerted to the odor of controlled substances on parcel number three, which was the Subject Parcel.

13.    On August 10, 2022, Inspector Saylor applied for a federal search warrant for the Subject Parcel, 22-mj-00286-JAG, based on the foregoing probable cause. The application was granted.

14.    On August 10, 2022, federal search warrant 22-mj-00286-JAG was executed on the Subject Parcel. Discovered inside the Subject Parcel were dirty clothes along with a white taped box.  There were no notes, receipts, or instructions in the parcel. Inside the white box was a vacuumed sealed bag of U.S. currency. The currency was double counted with a money counter. In total, the Subject Parcel contained $7,200.00 U.S. currency in the following denominations: (46) $100.00, (125) $20.00, (7) $10.00, and (6) $5.00.

15.    On August 11, 2022, Matt Hess called the Inspection Service to inquire about the seized scan on the parcel and provided phone number XXX-XXX-7841.

VERIFIED COMPLAINT FOR FORFEITURE *IN REM*  5

16.     On August 12, 2022, Inspectors called XXX-XXX-7841 and spoke to a male who identified himself as Matt Hess.  He said the money was sent by his cousin for moving expenses and that it was a legal amount of money to send, under $10,000. He was uncooperative and told Inspectors he didn't need to explain anything to them.

17.     On October 3, 2022, USPIS provided notice of the seizure of the Subject Parcel to interested parties.

18.     On November 7, 2022, USPIS received a claim to the Defendant Property from Max Hess. *See* Ex. 1. Hess alleged in his claim form that "I am a single dad who has needed help with my financial situation as of late. My cousin out of good faith agreed to loan me some money so that I can get on my feet, get a car, and move to get a new job. When this money was seized from me I was unable to pay rent, buy transportation, and have yet to move because of the loss of these funds." *Id*. at 15. Claimant further stated "I don't have any documentation because I didn't think it was necessary. I had been talking back and fourth [*sic*] with my cousin about needing help and he agreed to send me money via usps because I currently can't receive wire transfers." *Id* at 15.

19.     On November 8, 2022, USPIS received a petition for remission of the Defendant Property from Max Hess. *See* Ex. 2. Hess alleged in his petition that "I am a single dad who has been trying to buy a car and move and get a new job out of state. This money was meant for me to get a car and move to texas [*sic*] for work and I now have been removed from my residence have no car and can't start my new job until I

VERIFIED COMPLAINT FOR FORFEITURE *IN REM*  6

get money to get on my feet and move." *Id*. at 18. Hess also checked the box indicating that he is "I am an innocent owner and I did not know of the conduct giving rise to the forfeiture OR I am an innocent owner and upon learning of the conduct giving rise to the forfeiture, I did all that reasonably could be expected under the circumstance to terminate such use of the property." *Id* at 18.

20. On December 2, 2022, Inspectors called phone number XXX-XXX-9266 and a male answered identifying himself as Xerius Jackson. Inspectors explained to Jackson that they were calling about a package sent with his name and return address, 701 E. Peyton 912402, Sherman, TX 75091 to Spokane, WA. Jackson stated, "what is Spokane?" Inspectors explained Spokane was a city in Washington State. Jackson stated that he had never heard of it. Inspectors advised Jackson that on August 9, 2022, a package was mailed with his name and return address to Max Hess, 8504 N Summerhill Ln. Spokane, WA 99208. Jackson denied mailing the package to Max Hess. In addition, Jackson denied knowing Hess. Inspectors asked Jackson if he knew Max Hess and he stated "no". Inspectors further asked Jackson if he was cousins with Hess and he stated "no, I don't know him" and hung up the phone.

21. On December 2, 2022, Inspectors called Max Hess at phone number XXX-XXX-7841 and informed him they were calling regarding his claim that he filed with USPIS regarding the seizure of $7,200 US currency from a Priority Express Mail parcel in August 2022. Inspectors asked Hess the name of his cousin and he hesitated and stated "Xerius" and said his name would have been on the shipping label of the

VERIFIED COMPLAINT FOR FORFEITURE *IN REM*  7

package. Hess explained that he and Jackson were not blood related but have known each other since they were 2 years old.

22.     Inspectors asked Hess why the money was packaged in heat sealed bags and Hess stated he didn't know, and told Inspectors to ask Jackson. Hess stated that he had never received "that sum of money from Xerius", yet he denied ever receiving money from Jackson before. Hess advised Inspectors that Jacskon was aware that the money had been seized and did not file a claim for the money. Hess provided phone number XXX-XXX-9266 for Jackson. Inspectors informed Hess that they had spoken to Jackson moments earlier and he denied mailing the package and denied knowing him. Hess stated that Jackson must have been at work and probably couldn't talk or didn't understand our questions. Hess further stated that Jackson must have been "caught off guard" while working as a manager at the UPS plant. Hess further stated, "I'm not going to bother calling Xerius" and stated, "it's your guy's job" and "his loss too". Inspectors asked Hess if he had any documentation regarding the mailing from Jackson and he stated he would look through his text messages and upload them to his claim online if he could find any. No photos or other documentation of the text messages were thereafter submitted by Hess.

23.     Following the conversation with Hess, Inspectors called Jackson again at phone number XXX-XXX-9266 and the call went straight to a voicemail that was not set up and a message could not be left.

VERIFIED COMPLAINT FOR FORFEITURE *IN REM*  8

## VI. CONCLUSION

Based on the foregoing, the United States alleges that the Defendant Property is subject to forfeiture to the United States pursuant to 21 U.S.C. § 881(a)(6), because it constitutes: 1) money, negotiable instruments, securities and other things of value furnished and intended to be furnished in exchange for a controlled substance in violation of the Controlled Substances Act; 2) proceeds traceable to such an exchange; and/or 3) money, negotiable instruments, and securities used and intended to be used to facilitate a violation of the Controlled Substances Act, which is used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, violations of the Controlled Substances Act; and/or in accordance with the provisions of 21 U.S.C. § 881(a)(4), because it constitutes property used or intended for use to transport, or in any manner to facilitate the transportation, sale, receipt, possession, or concealment of controlled substances.

//

//

//

//

//

//

//

//

VERIFIED COMPLAINT FOR FORFEITURE *IN REM*  9

WHEREFORE, the United States of America requests that notice of this action be given to all persons who reasonably appear to be potential claimants of interests in the property; that the Defendant Property be forfeited and condemned to the United States of America; that the plaintiff be awarded its costs and disbursements in this action and for such other and further relief as this Court deems proper and just.

DATED this 2nd day of February 2023.

Vanessa R. Waldref
United States Attorney

Brian M. Donovan
Assistant United States Attorney

## VERIFICATION

I, Shannon Saylor hereby verify and declare under penalty of perjury that I am a United States Postal Inspector with the United States Postal Inspection Service in Spokane, Washington, that I have read the foregoing Verified Complaint *in rem* and know the contents thereof, and that the matters contained in the Verified Complaint are true to my own knowledge, except that those matters herein stated to be alleged on information and belief and as to those matters, I believe them to be true.

The sources of my knowledge and information and the grounds of my belief are the official files and records of the United States, information supplied to me by other

VERIFIED COMPLAINT FOR FORFEITURE *IN REM* 10

law enforcement officers, as well as my investigation of this case, together with others, as a U.S. Postal Inspector.

I hereby verify and declare under penalty of perjury that the foregoing information is true and correct.

DATED this __1st__ day of February 2023.

_Shannon Saylor_ (signature)
Shannon Saylor
United States Postal Inspector
United States Postal Inspection Service

VERIFIED COMPLAINT FOR FORFEITURE *IN REM*  11